IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY WALTZ, on behalf of himself and similarly situated employees, <br><br> Plaintiff, <br><br> v. <br><br> AVEDA TRANSPORTATION AND ENERGY SERVICES INC. and RODAN TRANSPORT USA LTD, <br><br> Defendants. | CIVIL ACTION <br><br> ELECTRONICALLY FILED ON MARCH 17, 2016 <br><br> CLASS/COLLECTIVE ACTION |

## **COMPLAINT – CLASS/COLLECTIVE ACTION**

Plaintiff Randy Waltz ("Plaintiff"), on behalf of himself and similarly situated employees, brings this class/collective action lawsuit against Defendants Aveda Transportation and Energy Services Inc. ("Aveda") and Rodan Transport USA Ltd ("Rodan") seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23.[1]

---

[1] FLSA collective action claims and Rule 23 class action claims may proceed together in the same lawsuit. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012).

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is an individual residing in Trout Run, Pennsylvania (Lycoming County).

5. Plaintiff is an employee covered by the FLSA and the PMWA.

6. Aveda is a corporate entity registered to do business in the Commonwealth of Pennsylvania and regularly conducting business within this judicial district.

7. Aveda's corporate headquarters are located at 333 North San Houston Parkway East, Suite 1200, Houston TX 77060.

8. Rodan is a corporate entity registered to do business in the Commonwealth of Pennsylvania and regularly conducting business within this judicial district.

9. Rodan's corporate headquarters are located at 333 North San Houston Parkway East, Suite 1200, Houston TX 77060.

10. Aveda and Rodan are collectively referred to as "Defendants."

11. Defendants jointly own and operate a facility located in Cogan Station, PA (Lycoming County).

12. Defendants are employers covered by the FLSA and the PMWA.

## FACTS

13. Defendants perform various services at oil and gas rigs throughout the United States.

14. During the three-year time period relevant to this lawsuit, Defendants have employed hundreds of employees who, in-whole or in-part, have performed services at oil and gas rigs throughout the United States, including within this judicial district. These individuals hold various job titles and are referred to herein as "Workers."

15. Plaintiff was employed by Defendants as a Worker from approximately May 2014 to approximately May 2015.

16. Plaintiff and other Workers have been paid on a day-rate basis.

17. Plaintiff and other Workers often work over 40 hours per week. For example, during the fourteen day period ending July 26, 2014 Plaintiff worked approximately 126 hours.

18. Even though both the FLSA and the PMWA entitle day-rate employees to extra overtime premium compensation for hours worked over

40 per week, *see, e.g.*, 29 C.F.R. § 778.112; 34 Pa. Code § 231.43(b), Defendants did not pay Plaintiff and other Workers any extra overtime premium compensation for their overtime hours.

19. By failing to pay the overtime premium to Plaintiff and other Workers, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings his FLSA claim as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all individuals employed by Defendants within the past three years who, in-whole or in-part, have performed services at oil and gas rigs throughout the United States.

21. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

22. Plaintiff brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all individuals employed by Defendants within the past three years who, in-whole or in-part, have

performed services at oil and gas rigs in Pennsylvania.

23. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

24. The class, upon information and belief, are readily ascertainable based on Defendants' standard payroll records and are so numerous that joinder of all class members is impracticable.

25. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

26. Plaintiff will fairly and adequately represent the class members and their interests, and he has retained competent and experienced counsel who will effectively represent the class members' interests.

27. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendants' companywide timekeeping and pay policies, as summarized herein.  The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

28. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate

over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging FLSA Violations)

29. All previous paragraphs are incorporated as though fully set forth herein.

30. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

31. Defendants violated the FLSA by failing to pay Plaintiff and the proposed FLSA collective any overtime premium for hours worked over 40 per week.

32. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

33. All previous paragraphs are incorporated as though fully set forth herein.

34. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

35. Defendants violated the PMWA by failing to pay Plaintiff and other Rule 23 class members any overtime premium for hours worked over 40 per week.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

A. Unpaid wages and prejudgment interest to the fullest extent permitted under federal and state law;

B. Liquidated damages to the fullest extent permitted under the FLSA;

C. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under federal and state law; and

D. Such other and further relief as this Court deems just and proper.

Date:  March 17, 2016	Respectfully,

<u>/s/ Mark J. Gottesfeld</u>
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Ph:  215-884-2491
Fax:  215-884-2492

*Plaintiff's Counsel*