IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY WALTZ, on behalf of himself and similarly situated employees, | : : : | Case No. 4:16-CV-00469 |
| Plaintiffs, | : : | (Judge Brann) |
| v. | : : | |
| AVEDA TRANSPORTATION AND ENERGY SERVICES INC., and RODAN TRANSPORT USA LTD, | : : : : | |
| Defendants. | : | |

## **MEMORANDUM**

December 27, 2016

Before the Court for disposition is Plaintiffs Randy Waltz and Gary Solinger's ("Plaintiffs") Motion for Conditional Certification pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"). For the following reasons, this Motion will be granted.

### I.   BACKGROUND

On March 17, 2016, Plaintiff Randy Waltz filed a Complaint[1] against Defendants Aveda Transportation and Energy Services Inc. and Rodan Transport

---

[1] Complaint (ECF No. 1).

1

USA Ltd ("Defendants") alleging (1) a collective action under FLSA Section 16(b)[2] for failure to pay an overtime premium as required by 29 U.S.C. § 207(a)(1), and (2) a class action under Federal Rule of Civil Procedure 23 for violations of the Pennsylvania Minimum Wage Act.[3]  The instant Motion now seeks conditional certification of a class of 36 individuals pursuant to FLSA Section 16(b).[4]  For purposes of pertinent background, the circumstances of Plaintiffs and the proposed collective's employment are drawn from both the Complaint and documentation supporting the instant motion.  This factual background reveals the following information concerning the employment position at issue.

Defendants Aveda Transportation and Energy Services Inc. and Rodan Transport USA Ltd employ hundreds of employees engaged in various services at oil and gas rigs throughout the United States.[5]  Two of those employees, Plaintiffs Randy Waltz and Gary Solinger, were employed by Defendants in the Field Supervisor/Truck Push ("FSTP") position.  Mr. Waltz was employed by

---

[2] 29 U.S.C. § 216(b).

[3] 43 P.S. §§ 333.101 *et seq.*

[4] Plaintiffs withdrew their class action allegations pursuant to Federal Rule of Civil Procedure 23 in a Notice of Withdrawal filed on October 31, 2016.  See ECF No. 28.

[5] Compl. ¶¶ 13–14, at 3.

Defendants in this role from May 5, 2014 to May 6, 2015,[6] and Mr. Solinger from October 2012 through January 2016.[7] During their terms of employment as FSTPs, Plaintiffs were paid on a day rate basis.[8] Because they allege that their work week often consisted of greater than 40 hours, Plaintiffs argue that Defendants' failure to pay overtime premium compensation resulted in a violation of the FLSA.[9]

Through the instant Motion for Conditional Certification, Plaintiffs now seek to have conditionally certified a collective of employees who worked in the Field Supervisor/Truck Push position from October 10, 2013 through October 10, 2016.[10] Since its filing on October 31, 2016, this Motion has been fully briefed by both parties.[11] It is now ripe for disposition.

## II. DISCUSSION

Section 16(b) of the FLSA permits employees to bring a private right of action for violations of the statute "[o]n behalf of . . . themselves and other

---

[6] Defs.' Resps. to Waltz Interrog. (ECF No. 30-1), at 4.

[7] Defs.' Resps. to Solinger Interrog. (ECF No. 30-2), at 4.

[8] Compl. ¶ 16, at 3.

[9] Id. ¶¶ 18–19, at 3–4.

[10] Mot. for Cond. Cert. (ECF No. 30).

[11] ECF Nos. 31, 34, & 35.

employees similarly situated."[12] To maintain a collective action under the FLSA, however, a plaintiff must satisfy two requirements. First, the plaintiff must establish that the collective action group is "similarly situated."[13] Second, "similarly situated" group members must affirmatively opt into the suit through filing a written notice of consent with the court.[14] It is this latter requirement of voluntary entry which clearly distinguishes the FLSA conditional certification process from the traditional class certification framework of Federal Rule of Civil Procedure 23.[15]

While not defined in Section 16(b) of the FLSA, district courts within the United States Court of Appeals for the Third Circuit have developed a two-step procedure to determine whether potential members of the alleged collective group are "similarly situated."[16] These steps proceed as follows:

> First, the court must decide whether a class should be certified conditionally in order to give notice to the potential class members and to allow for pretrial discovery regarding the individual claims. (Citation omitted). After the class has been conditionally certified, notice and opportunity to opt in has been given to the

---

[12] 29 U.S.C. § 216(b).

[13] Stone v. Troy Constr., LLC, Civil Action No. 3:14-CV-306, 2015 WL 7736827, at *2 (M.D.Pa. Dec. 1, 2015)(Munley, J.).

[14] Id.

[15] Craig v. Rite Aid Corp., Civil Action No. 08-CV-2317, 2009 WL 4723286, at *2 (M.D.Pa. Dec. 9, 2009)(Jones, J.).

[16] Id. at 2.

> potential plaintiffs, and discovery has been conducted, the court may then "be asked to reconsider the conditional class certification to determine whether the 'similarly situated' standard has been met.' "[17]

A court is confronted with the second step above in a motion for decertification following the completion of discovery. Aided by the benefit of complete factual record, this step at an advanced stage of litigation entails a higher burden of proof than the initial, conditional certification.[18]

At an early stage of litigation, however, a court is concerned with the first step of the "similarly situated" analysis—whether a class should be certified conditionally in order to give notice to the potential class members and allow for pretrial discovery regarding the individual claims. Unlike with the later inquiry, a plaintiff's burden for conditional certification is "relatively light" and requires only a "modest factual showing."[19] To satisfy this "extremely lenient standard,"[20] a plaintiff need only produce "some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and

---

[17] Id. (quoting Stanislaw v. Erie Indemnity Co., Civil Action No. 07-CV-1078, 2009 WL 426641, at *1 (W.D.Pa. Feb. 20, 2009)).

[18] Zavala v. Wal Mart Stores, Inc., 691 F.3d 527, 534 (3d Cir. 2012).

[19] Id. at 536.

[20] Chung v. Wyndham Vacation Resorts, Inc., Civil Action No. 3:14-CV-00490, 2014 WL 4437638, at *2 (M.D.Pa. Sept. 9, 2014)(Mariani, J.).

the manner in which it affected other employees."[21] Courts typically rely on the pleadings and affidavits of the parties to determine the suitability of conditional certification.[22]

As a result of the modest burden at this stage of proceedings, motions for conditional certification are generally successful.[23] This light burden and the ensuing high rate of success at the conditional certification stage result because the district court bears an "insignificant" risk of error by granting the motion. The Honorable John E. Jones III of this Court aptly described the justification for this modest burden as follows:

> The burden in this preliminary certification is light because the risk of error is insignificant: should further discovery reveal that the named positions, or corresponding claims, are not substantially similar the defendants will challenge the certification and the court will have the opportunity to deny final certification.[24]

Furthermore, the United States Court of Appeals for the Third Circuit has explained that conditional certification of an FLSA collective action claim is not

---

[21] Symczk v. Genesis Healthcare Corp., 656 F.3d 189, 192 (3d Cir. 2011), rev'd on other grounds, 133 S.Ct. 1523 (2013).

[22] Villanueva-Bazaldua v. TruGreen Ltd. Partners, 479 F.Supp.2d 411, 415 (D.Del. 2007).

[23] Craig, 2009 WL 4723286 at *2 (citing Woodard v. FedEx Freight East, Inc., 250 F.R.D. 178, 191 (M.D.Pa. 2008)(Vanaskie, J.).

[24] Id.

really a certification at all, but rather an exercise of the district court's discretionary power to facilitate the sending of notice to potential class members.[25]

In the matter at hand, I find that Plaintiffs have made the "modest factual showing" necessary for conditional certification of the proposed collective of 36 individuals employed in the position of Field Supervisor/Truck Push and paid on a day rate basis between October 10, 2013 and October 10, 2016.  Plaintiffs have specifically presented evidence including (1) the depositions of Timothy Clark (Rodan Transport USA LTD Vice President)[26] and Plaintiffs Randy Waltz and Gary Solinger;[27] (2) Defendants' Responses to both the Waltz and Solinger Interrogatories;[28] (3) a job description by Defendant Aveda Transportation and Energy Services for the Field Supervisor/Truck Push position;[29] and (4) a Letter from Attorney Robert Sheeder to Attorney Peter Winebrake dated October 10, 2016.[30]  Review of this evidence supports the following factual findings:

---

[25] Halle v. West Penn Allegheny Health Sys. Inc., 842 F.3d 215, 224 (3d Cir. 2016).

[26] ECF No. 30-3.

[27] ECF Nos. 30-4 & 30-5.

[28] ECF Nos. 30-1 & 30-2.

[29] ECF No. 30-7.

[30]  ECF No. 30-6.

1. Rodan crafted a common job description for the Field Supervisor/Truck Push position at the corporate level and employees within that position were subjected to uniform job expectations.[31]

2. Rodan has already identified 36 individuals employed as Field Supervisors/Truck Pushes between October 10, 2013 and October 10, 2016 who were paid on a day-rate basis in possible violation of the FLSA.[32]

3. Rodan classified all day-rate FSTPs as overtime exempt under the Motor Carrier Act Exemption and Highly Compensated Exemption. Invocation of these exemptions creates a common set of legal principles among all 36 individuals requiring examination of common evidence and facts.[33]

Taken as a whole, these findings demonstrate a "factual nexus between the manner in which the employer's alleged policy affected [the individuals Plaintiffs] and the manner in which it affected other employees."[34] Plaintiffs have therefore met the "modest factual showing" necessary to conditionally certify the proposed collective.

In opposition to the instant conditional certification, Defendants make a series of arguments concerning whether the collective is truly "similarly situated." Specifically, Defendants argue that (1) the FSTPs did not uniformly perform

---

[31] See "Field Supervisor/Truck Push" Job Description (ECF No. 30-7); Waltz Dep. (ECF No. 30-4) at 36:21-37:5, 286:22-287:8; Solinger Dep. (ECF No. 30-5) at 38:5-38:21, 279:16-279:22.

[32] See Sheeder Letter (ECF No. 30-6).

[33] See generally Pl.'s Br. in Supp. of their Mot. for Cond. Cert. (ECF No. 31) at 6–13.

[34] Symczk, 656 F.3d at 192.

crucial job duties listed in the job description;[35] (2) the mere use of pickups does not make all FSTPs similarly situated;[36] (3) Rodan's classification of FSTPs as exempt is not a basis for finding they are similarly situated;[37] and (4) Plaintiffs fail to demonstrate that other FSTPs desire to join this suit.[38]  These arguments, however, obscure the scope of the instant inquiry and ask the Court to engage in a merits-based analysis.

Concerning Defendants' first two arguments, I note that Plaintiff's burden at this stage of litigation is to adduce a "modest factual showing" in support of conditional certification and not, as intimated by Defendants, secure a judgment outright on the merits of the collective action.[39]  Throughout their briefing, Defendants attempt to draw the Court into a deep analysis of potential subtleties between individuals employed as FSTPs.  Because this analysis would necessarily heighten the burden needed to achieve conditional certification, Defendants are directed to preserve same for the second step of the "similarly situated" analysis.

---

[35] Def.'s Br. in Opp. to Pl.'s Mot. for Cond. Cert. (ECF No. 34), at 10.

[36] Id. at 12.

[37] Id. at 14.

[38] Id. at 15.

[39] Neal v. Air Drilling Assoc., Inc., Civil Action No. 3:14-CV-1104, 2015 WL 225432 at *3 (M.D.Pa. Jan. 16, 2015)(Munley, J.) ("At the step-one inquiry, the court does not weigh the evidence, resolve factual disputes, or reach the merits of plaintiff's claims.").

At that stage of litigation, the Court will likely benefit from the completion of factual discovery.

Defendants' next two arguments in opposition to conditional certification are similarly unpersuasive. First, Defendants' argument that Rodan's classification of FSTPs as exempt should not be considered in the instant inquiry is not compelling given Plaintiffs' production of other evidence. Specifically, although Defendants cite In re Morgan Stanley Smith Barney LLC Wage & Hour Litig.[40] as support for this argument, I note that a full reading of this opinion reveals that conditional certification was denied due to an utter paucity of factual support **other than** the FLSA exemption classification.[41] Here, conditional certification is based on independent factual support as outlined above together with the FLSA exemption classification. As such, In re Morgan Stanley is factually distinguishable from the instant matter and an opposite finding results.

Second, Defendants' argument concerning a potential lack of interest has no merit at this stage of litigation. As noted by Plaintiffs, no controlling case law within the Third Circuit creates such a requirement.[42] Furthermore, having

---

[40] Civil Action No. 11-CV-3121, 2016 WL 1407743, at *8 (D.N.J. Apr. 11, 2016)(Martini, J.).

[41] Id.

[42] Pl.'s Br. in Supp. of their Mot. for Cond. Cert. (ECF No. 31) at 5 (citing, inter alia, Lucke v. PPG Industries, Inc., Civil Action No. 13-CV-0966, 2013 WL 6577772, at *3 (W.D.Pa. Dec. 16, 2013)).

reviewed the case law cited by Defendants, I am in agreement with the reasoning set forth in Lucke v. PPG Indus., Inc. concerning this issue.[43] In that case, the Honorable Arthur J. Schwab of the United States District Court for the Western District of Pennsylvania first noted that the case law regarding this proposition largely hailed from outside the Third Circuit and was not binding.[44] Next, that court factually distinguished many of these cases based on the presence of "evidence of affirmative disinterest in the lawsuit by other employees."[45] In the instant matter, Defendants have similarly failed to cite binding precedent requiring a showing of interest. Moreover, no such "affirmative disinterest" by potential collective members has been noted. Therefore, based on these distinctions, I believe any persuasive authority potentially derived from the case law cited by Defendants is negated.

Having reviewed parties' briefing and the attached factual record, I am satisfied that Plaintiffs have made the "modest factual showing" necessary at this stage of litigation. My determination leaves largely unaddressed the various merits-based arguments advanced by Defendants. Such determinations are more properly preserved for the second-step of the "similarly situated" analysis.

---

[43] Lucke, 2013 WL 6577772 at *3.

[44] Id.

[45] Id.

### III.  CONCLUSION

Based on the above reasoning, Plaintiffs Randy Waltz and Gary Solinger's Motion for Conditional Certification pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA") will be granted.

An appropriate Order follows.

BY THE COURT:

   s/ Matthew W. Brann
Matthew W. Brann
United States District Judge