# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY WALTZ, on behalf of himself and similarly situated employees, | : : : | No. 4:16-CV-00469 |
| Plaintiffs, | : : | (Judge Brann) |
| v. | : : | |
| AVEDA TRANSPORTATION AND ENERGY SERVICES INC., and RODAN TRANSPORT USA LTD, | : : : : | |
| Defendants. | : | |

## MEMORANDUM OPINION and ORDER

### JULY 7, 2017

Before the Court for disposition is Plaintiffs Randy Waltz, David Canada, Toby Hayes, Mark Ortiz, Gary Solinger, John Tinkle, and Michael Tinkle's ("Plaintiffs") Unopposed Motion for Approval of FLSA Settlement. For the following reasons, this Motion will be granted.

## I.   BACKGROUND

On March 17, 2016, Plaintiff Randy Waltz filed a Complaint[1] against Defendants Aveda Transportation and Energy Services Inc. and Rodan Transport

---

[1] Complaint (ECF No. 1).

USA Ltd ("Defendants") alleging (1) a collective action under FLSA Section 16(b)[2] for failure to pay an overtime premium as required by 29 U.S.C. § 207(a)(1), and (2) a class action under Federal Rule of Civil Procedure 23 for violations of the Pennsylvania Minimum Wage Act.[3] Defendants Aveda Transportation and Energy Services Inc. and Rodan Transport USA Ltd employ hundreds of employees engaged in various services at oil and gas rigs throughout the United States.[4] Those employees, Plaintiffs in the instant litigation, were employed in the Field Supervisor/Truck Push ("FSTP") position. During their terms of employment as FSTPs, Plaintiffs were paid on a day rate basis.[5] Because they allege that their work week often consisted of greater than 40 hours, Plaintiffs argue that Defendants' failure to pay overtime premium compensation resulted in a violation of the FLSA.[6]

Following preliminary discovery in this matter, the Court granted, by Memorandum Opinion and Order dated December 27, 2016, Plaintiffs Randy Waltz and Gary Solinger's Motion for Conditional Certification.[7] This conditional certification, and the dissemination of Notice and Consent Forms to over thirty 30

---

[2] 29 U.S.C. § 216(b).
[3] 43 P.S. §§ 333.101 *et seq.*
[4] Compl. ¶¶ 13–14, at 3.
[5] Compl. ¶ 16, at 3.
[6] *Id.* ¶¶ 18–19, at 3–4.
[7] ECF No. 37.

individuals, resulted in five additional plaintiffs joining the suit—David Canada, Toby Hayes, Mark Ortiz, John Tinkle, and Michael Tinkle.[8] The parties subsequently engaged in further discovery and settlement negotiations.[9]

Settlement in the amount of $145,000.00 has since been reached. In the instant motion, the parties jointly request that this Court approve the proposed settlement agreement pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).

## II. DISCUSSION

The FLSA was enacted for the purpose of protecting all covered workers from substandard wages and oppressive working hours.[10] Congress recognized that "due to unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce."[11] The provisions of the statute are mandatory and not subject to negotiation and bargaining between

---

[8] ECF Nos. 43, 45, 48–50.
[9] ECF Nos. 52, at 3.
[10] *Barrentine v. Arkansas-Best Freight System*, 450 U.S 728, 739 (1981); 29 U.S.C. § 202(a).
[11] *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945).

employers and employees because allowing waiver by employees or releases of employers would nullify the purposes of the act.[12]

Although the United States Court of Appeals for the Third Circuit has not addressed the issue, its district courts have taken the position stated by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States Dept. of Labor* that court approval is required for proposed settlements in a FLSA lawsuit brought under 29 U.S.C. § 216(b).[13] Accordingly, this Court must scrutinize the proposed settlement of the parties and determine if it is "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions."[14] Court review of a proposed settlement agreement therefore proceeds in two stages: first, the court assesses whether the parties' agreement is fair and reasonable to the plaintiff employee; second, it determines whether the settlement furthers or "impermissibly frustrates" implementation of the FLSA in the workplace.[15]

Having reviewed the Settlement Agreement reached by parties, I find that it is both a "fair and reasonable resolution of a bona fide dispute over FLSA

---

[12] *See Lynn's Food Stores, Inc. v. United States Dept. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982); *O'Neil*, 324 U.S. at 707; *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

[13] *See, e.g., Cuttic v. Crozer-Chester Med. Ctr.*, 868 F.Supp.2d 464 (E.D.Pa. 2012) (Robreno, J.); *Morales v. PepsiCo, Inc.*, Civil Action No. 11-CV-6275, 2012 WL 870752 (D.N.J. Mar. 14, 2012) (Thompson, J.); *Bettger v. Crossmark*, Inc., Civil Action No. 13-CV-2030, 2015 WL 279754 (M.D.Pa. Jan. 22, 2015) (Conner, C.J.).

[14] *See Lynn's Food Stores*, 679 F.2d at 1354; *Altenbach v. Lube Center, Inc.*, Civil Action No. 08-CV-02178, 2013 WL 74251, at *1 (M.D. Pa. Jan. 4, 2013) (Kane, J.).

[15] *Altenbach*, 2013 WL 74251, at *1.

provisions," and does not impermissibly frustrate implementation of the FLSA in the workplace. My reasoning is as follows.

> A. The Settlement Agreement is a Fair and Reasonable Settlement of a Bona Fide Dispute.

As threshold matter, I must first address whether the proposed settlement resolves a *bona fide* factual dispute, or one in which "there is some doubt as to whether the plaintiff would succeed on the merits at trial."[16] Having reviewed the submissions of the parties in this matter, I am satisfied that proposed settlement agreement meets that threshold. Specifically, the parties dispute, in good faith, (1) whether Plaintiffs are overtime exempt under the FLSA's "motor carrier exemption"[17] as codified in 29 U.S.C. § 213(b)(1),[18] (2) whether Defendants' alleged misclassification of them as overtime-exempt constitutes the type of "willful" violation that triggers a three-year – rather than a two-year – limitations period under the FLSA, as codified at 29 U.S.C. § 255(a),[19] and (3) the exact number of hours each of Plaintiffs worked over 40 hours per week.[20]

---

[16] *Bettger*, 2015 WL 279754, at *4 (citing, *inter alia*, *Lynn's Food Stores*, 679 F.2d at 1354).

[17] While Defendants argue the applicability of the "motor carrier exemption," Plaintiffs counter that they also drove pick-up trucks weighing under 10,000 pounds. *See McMaster v. Eastern Armored Services, Inc.*, 780 F.3d 167 (3d Cir. 2015) (explaining that the motor carrier exemption does not apply when the employees' duties include driving vehicles weighing less than 10,000 pounds). Defendants, however, aver that these duties were *de minimis* such that plaintiffs cannot escape the reach of the motor carrier exemption.

[18] ECF No. 52, at 5.

[19] *Id.* at 6.

[20] *Id.*

5

Having found the existence of a *bona fide* dispute, the Court must next examine whether the settlement agreement represents a "fair and reasonable resolution" of that dispute. To make that determination, district courts have considered the factors outlined in *Girsh v. Jepson*,[21] concerning the fairness of a proposed class action settlement.[22] In *Girsh v. Jepson*, the Third Circuit set out the following nine factors:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.[23]

Consideration of these factors dictates that the terms of the settlement agreements reached between the parties are both fair and reasonable. First, the parties have expressed that, absent settlement, continued litigation would be costly, requiring both the depositions of five more Plaintiffs and their supervisors, and the location, review, and analysis of thousands of pages of fleet assignments documents relevant to the determining the particular vehicles driven by particular Plaintiffs on particular days. Second, I note that the individual employees to this

---

[21] 521 F.2d 153, 157 (3d Cir. 1975)

[22] *See*, *e.g.*, *Bettger*, 2015 WL 279754, at *7; *Altenbach*, 2013 WL 74251, at *2.

[23] *Girsh*, 521 F.2d at 157–58.

6

suit have expressed their assent to the terms of the settlement as each plaintiff has personally executed a settlement agreement.[24]  Third, while the additional discovery in this case would have been necessary, the parties have to date exchanged substantial discovery both before and after the Court's resolution of a contested conditional certification motion such that they have an "adequate appreciation of the merits of the case."[25]  Fourth, there is some risk that Plaintiffs would be unable to establish liability and damages.  As noted above, the merits of this case hinge on several contested issues, i.e. (i) whether Plaintiffs are covered by the motor carrier exemption; (ii) whether a two-year or three-year limitations period applies; and (iii) whether Plaintiffs really worked as much overtime as they claim.  Fifth, I find that the eighth and ninth factors — the range of both the reasonableness of the settlement fund in light of the best possible recovery and the attendant risks of litigation— weigh in favor of settlement approval.  The parties specifically aver that plaintiffs here recover the amount of overtime wages they would have won at trial if they: (i) defeated Defendants' motor carrier exemption

---

[24] ECF No. 51-1.

[25] *Craig v. Rite Aid Corp.*, Civil Action No. 08-CV-2317, 2013 WL 84928, at *9 (M.D.Pa. Jan. 7, 2013)(Jones, J.)(quoting *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 813 (3rd Cir. 1995)).

defense; (ii) obtained a three-year limitations period; and (iii) proved that he worked 10 hours on every shift.[26]

>    B.  The Settlement Agreement Does Not Impermissibly Frustrate the Implementation of the FLSA in the Workplace.

I must now consider whether the terms of the settlement agreements impermissibly frustrate implementation of the FLSA in the workplace. Examination of the Settlement Agreements at issue reveals the presence of both confidentiality and general release provisions.[27] While courts have cautioned against the approval of settlement agreements containing these provisions,[28] analysis of the instant agreements reveals that (1) Plaintiffs cannot be sanctioned for violating the confidentiality provision,[29] and (2) the release provision is narrow and covers only wage and hour claims "reasonably related" to the claims asserted

---

[26] The ability of defendants to withstand a greater judgment is not an applicable factors here as there is no evidence regarding Defendant's ability to withstand a higher judgment. *See Tavares v. S-L Distribution Co., Inc.*, Civil Action No. 13-CV-1313, 2016 WL 1743268, at *8 (M.D.Pa. May 2, 2016)(Jones, J.).

[27] ECF No. 51-1 ¶¶ 4, 8.

[28] *See*, *e.g.*, *Brown v. TrueBlue, Inc.*, Civil Action No. 10-CV-00514, 2013 WL 5408575, at *3 (M.D.Pa. Sept. 25, 2013)(Kane, J.)(citing Brumley v. Camin Cargo Control, Inc., Civil Action No. 08-CV-1798, 2012 WL 300583, at *3 (D.N.J. Feb.1, 2012) (collecting cases)); Altenbach, 2013 WL 74251, at *3.

[29] *See Diclemente v. Adams Outdoor Advertising, Inc.*, Civil Action No. 15-CV-0596, 2016 WL 3654462, at *4 (M.D.Pa. July 8, 2016)(Mannion, J.)(approving a settlement agreement with a confidentiality provision allowing for disclosure of the case's conclusion without any allowable sanctions or retaliation for breach).

in the underlying complaint.[30] This Court has previously held that such properly cabined provisions do not "frustrate the implementation of the FLSA."[31]

### C. The Settlement Agreement Contains a Reasonable Provision for Attorney's Fees.

Section 16(b) of the FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."[32] Courts within the Third Circuit have predominantly used the percentage-of-recovery method, in which a fixed portion of the settlement fund is awarded to counsel, to determine a reasonable attorney's fee in wage and hour cases.[33] The factors which the court considers under the percentage-of-recovery method to evaluate the appropriateness of an attorneys' fee aware are:

> (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the

---

[30] Cf. *Bettger*, 2015 WL 279754, at *9 (finding a release of claims provision "inappropriately comprehensive" which precludes plaintiff from "raising *any and all* claims she may have against [defendant] arising prior to the execution date of the agreement and require her to dismiss any charges of discrimination, harassment, or retaliation currently pending with any government agency.").

[31] *See Schwartz v. Pennsylvania State University*, Civil Action No. 15-CV-2176, 2017 WL 1386251 (M.D.Pa. Apr. 18, 2017).

[32] 29 U.S.C. § 216(b).

[33] *Kraus v. PA Fit II, LLC*, 155 F.Supp. 3d 516, 533 (E.D.Pa. Jan. 11, 2016).

9

litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases.[34]

These factors need not be applied in a formulaic way, and in the Court's analysis, one factor may outweigh the others.[35] The award of attorneys' fees therefore lies squarely within the discretion of the district court, and "a thorough judicial review of fee applications is required in all class action settlements."[36]

The preliminary application of the above factors weighs in favor of approving the requested attorneys' fees. First, I note that the Settlement Agreement provides for attorneys' fees of $45,356.54, which accounts for 31.28% of the $145,000.00 common settlement fund. In the Plaintiffs' Brief in Support of their Motion for Approval of the FLSA Settlement, Plaintiffs aver that such a fee is reasonable given (1) the lack of objection to the fee award by Plaintiffs, (2) the skill and efficiency of the plaintiff attorneys involved, (3) the complexity and duration of this litigation, (4) the risk of nonpayment from a contingency fee basis, and (5) the amount of time that was devoted to the case by Plaintiffs' counsel.[37] They further allege that this fee of roughly 31% falls right within the range of

---

[34] *Id.* (citing *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n. 1 (3d Cir. 2000).

[35] *Id.*

[36] *In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Prods. Liability Litig.*, 55 F.3d 768, 819 (3d Cir. 1995).

[37] ECF No. 52 at 12–14.

attorneys' fees approved by courts in similar cases.[38] Having reviewed this submission by Plaintiffs in conjunction with the above *Gunter* factors, I am in agreement that the requested attorneys' fees of $ 45,356.54, or 31.28% of the settlement amount reached, is reasonable given the facts of the case.[39]

However, when attorneys' fees in an FLSA action are awarded pursuant to a percentage-of-recovery method, the United States Court of Appeals for the Third Circuit has suggested that it is "sensible" for district courts to "cross-check" that percentage-of-recovery calculation with a lodestar calculation.[40] This crosscheck is performed by dividing the proposed fee award by the lodestar calculation, resulting in a lodestar multiplier."[41] To perform this cross-check, I must therefore first determine the proper lodestar figure. To reach this calculation, the "initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on litigation times a reasonable hourly rate."[42]

---

[38] *Id.*

[39] *See*, *e.g.*, *Chung v. Wyndham Vacation Resorts*, Civil Action No. 14-CV-00490, 2015 WL 3742187, at *3 (M.D.Pa. June 15, 2015)(Mariani, J.)(approving attorney's fees which amount to 31.75% of the total settlement amount); *Crevatas v. Smith Mgmt. and Consulting, LLC*, Civil Action No. 3:15-CV-2307, 2017 WL 1078174, at *5 (M.D.Pa. Mar. 22, 2017)(Mannion, J.)(approving attorney's fees which amount to 31.36% of the total settlement amount).

[40] *In re Prudential Ins. America Sales Practice Litig. Agent Actions*, 148 F.3d 283, 333 (3d Cir. 1998).

[41] *In re AT & T Corp. Sec. Litig.*, 455 F.3d 160, 164 (3d Cir. 2006).

[42] *Blum v. Stetson*, 465 U.S. 886, 888 (1984).

As noted by Plaintiffs' counsel, the final lodestar calculation yields an award of $84,288.50 in attorneys' fees.[43] When the proposed attorneys' fees award of $45,356.54 is then divided by the total lodestar calculation of $84,288.50, I find that a lodestar multiplier of .54 results, justifying approval of this fee award.

**AND NOW**, in accordance with the above reasoning, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Unopposed Motion for Approval of the FLSA Settlement (ECF No. 51) is **GRANTED**.

2. The Clerk is directed to close the case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[43] ECF No. 51-2.